## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| FLYING HELIBALL, LLC, <br><br> *Plaintiff,* <br><br> vs. <br><br> TARGET CORPORATION, <br><br> *Defendant.* | **Civil Action No.** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flying Heliball, LLC ("Flying Heliball" or "Plaintiff"), for its Complaint for Patent Infringement and Demand for Jury Trial against Defendant Target Corporation ("Target" or "Defendant"), hereby states and alleges as follows:

## SUMMARY OF THE ACTION

1. This is an action for patent infringement arising under the laws of the United States of America. Plaintiff Flying Heliball is the owner of United States Patent Number 7,100,866 (the "'866 Patent") titled "Control System for a Flying Vehicle."



**U.S. Patent No. 7,100,866 – Fig. 1**

2.     Without license or authorization, Defendant Target sells flying vehicles that practice the patented inventions of the '866 Patent including the "Sky Viper Force Hover Sphere" flying vehicle (the "Accused Products") depicted below:



https://www.target.com/p/sky-viper-force-hover-sphere/-/A-84796260

3.     After being advised by the Plaintiff that its products infringe the claims of the '866 Patent, the Defendant Target continued to sell the Accused Products without authorization or license.

4.     Flying Heliball brings this action to put a stop to Target's unauthorized and unlicensed use of the inventions of the '866 Patent.

**THE PARTIES**

5.     Plaintiff Flying Heliball, LLC is a California limited liability company with a principal place of business at 28777 Witherspoon Parkway, Valencia, California 91355 (hereinafter "Flying Heliball" or "Plaintiff").

6.     Defendant Target Corporation is a Minnesota corporation with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 (hereinafter "Target" or

"Defendant"). Target may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 United States Code, §§ 1 *et seq*.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action concerns the infringement of a United States patent.

9. This Court has personal jurisdiction over Target under the laws of the State of Texas due at least to its substantial business in Texas and in this District. Target has purposefully and voluntarily availed itself of the privileges of conducting business in the United States, in the State of Texas, and in this District by continuously and systematically placing goods into the stream of commerce through an established distribution channel with the expectation that they will be purchased by consumers in this District. In the State of Texas and in this District, Target directly or through intermediaries performs at least a portion of the infringements alleged herein, and distributes, markets, sells, or offers to sell products that practice the invention of the '866 Patent.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because the Defendant has numerous a regular and established places of business in this judicial district and has committed acts of patent infringement in this judicial district.

11. Target sells products—specifically, the Sky Viper products—in this District with the knowledge that such products infringe the '866 Patent. As such, Defendant has committed acts of direct infringement in this District in violation of 35 U.S.C. § 271(a).

12. Target operates over 150 stores in Texas. This represents approximately 8% of Target's total store count in the United States. Texas is among three of Target's largest states by

total sales.  Target has stores located in the following cities located in Texas:

**Target Stores in Texas**
Target / Find a store / Store Directory / Texas

| | | | |
|---|---|---|---|
| Abilene | El Paso | Longview | Rosenberg |
| Addison | Euless | Lubbock | Round Rock |
| Allen | Flower Mound | Lufkin | Rowlett |
| Amarillo | Fort Worth | Magnolia | San Angelo |
| Arlington | Frisco | Mansfield | San Antonio |
| Austin | Galveston | McAllen | San Marcos |
| Balcones Heights | Garland | Mcallen | Selma |
| Baytown | Georgetown | McKinney | Sherman |
| Beaumont | Grand Prairie | Mckinney | Spring |
| Bee Cave | Grapevine | Mesquite | Sugar Land |
| Brownsville | Harker Heights | Midland | Temple |
| Bryan | Harlingen | Mission | Texarkana |
| Burleson | Houston | Missouri City | The Woodlands |
| Cedar Hill | Humble | New Braunfels | Tomball |
| Cedar Park | Huntsville | North Richland Hills | Tyler |
| Clear Lake Shores | Hurst | Odessa | Victoria |
| College Station | Irving | Pasadena | Waco |
| Conroe | Katy | Pearland | Watauga |
| Corpus Christi | Kyle | Pflugerville | Waxahachie |
| Cypress | Lake Jackson | Plano | Weatherford |
| Dallas | Lake Worth | Port Arthur | Webster |
| Denton | Laredo | Richardson | Wichita Falls |
| Dickinson | Lewisville | Richmond | Wylie |
| | | Rockwall | |

https://www.target.com/store-locator/store-directory/texas

13.     Target has thousands of employees located in Texas. The activities conducted by Target and its employees at these facilities located in Texas are substantially related to Target's infringing activities conducted in this state and, on information and belief, the products accused of infringement in this litigation are sold at numerous stores in this judicial district.

14.     In view of these facts, this Court has personal jurisdiction over Target under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

15.     Target also committed the acts of infringement alleged herein and has regular and established places of business in the Eastern District of Texas.  Target currently operates 15 stores in this District in the following cities: Allen, Denton, Flower Mound, Frisco, Lewisville,

Longview, McKinney, Plano, Sherman, Texarkana and Tyler.

16. Target operates a large distribution center at 13786 County Rd 433, Tyler, TX 75706, where hundreds of trucks provide distribution services for Target in the Eastern District of Texas.

17. These facilities located in the Eastern District of Texas are physical, geographical locations in the district from which the business of Target is carried out.

18. These facilities located in the Eastern District of Texas are regular and established places of business of Target. Furthermore, these facilities located in the Eastern District of Texas are places of business of Target.

19. Target owns and operates these facilities or leases and operates these facilities. Target directs and controls the operation of those facilities conducted for the benefit of Target. The activities and operations conducted at these facilities for the benefit of Target are a regular and established part of the business of Target.

20. The individuals conducting these activities and operations for the benefit of Target are employees of Target or are operating under the direction and control of Target when conducting these activities and operations.

## BACKGROUND

21. Flying Heliball and its parent corporation are international sellers and distributors of toys and are largely focused on radio-controlled helicopters and other flying vehicles.

22. In 2022, the '866 Patent was assigned to Flying Heliball, which is the owner of the '866 Patent. The inventions claimed in the '866 patent relate to a control system for a flying toy.

23. Jeffrey Rehkemper, Nicholas Grisolia, Peter Greenley, and Bret Gould are the named inventors on the '866 patent.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,100,866

24. Flying Heliball incorporates all of the allegations in the preceding paragraphs as if fully set forth herein.

25. On September 5, 2006, the '866 Patent titled "Control system for a flying vehicle" was duly issued by the United States Patent and Trademark Office.  A copy of the '866 Patent is attached hereto as Exhibit A.

26. The '866 Patent is valid, enforceable, and was issued in full compliance with Title 35 of the United States Code.

27. Flying Heliball is the owner by assignment of the '866 Patent.

28. During the term of the '866 Patent, the Defendant has made, used, offered for sale, distributed, and/or sold in the United States the Accused Products without authorization or license.

29. Claim 10 of the '866 Patent is reproduced in full below:

> 10. A vehicle having a means for propelling in a vertical direction, further comprising:
>
> a transmitter/receiver pair positioned on the vehicle, the transmitter transmitting a signal from the vehicle in a predetermined direction;
>
> a means to fly said vehicle in a direction opposite of said predetermined direction when said signal is bounced off of a surface and received back by the receiver; and
>
> a means to fly said vehicle in a direction similar to said predetermined direction when said receiver does not receive said signal.

30. The Accused Products meet at least the limitations of Claim 10 of the '866 Patent as set forth below:

> 10. **A system to control a direction of movement of a flying vehicle,** the control system comprising:
>
> a transmitter/receiver pair positioned on the vehicle, the transmitter

transmitting a signal from the vehicle in a predetermined direction;

a means to fly said vehicle in a direction opposite of said predetermined direction when said signal is bounced off of a surface and received back by the receiver; and

a means to fly said vehicle in a direction similar to said predetermined direction when said receiver does not receive said signal.



https://www.target.com/p/sky-viper-force-hover-sphere/-/A-84796260

    31.    The Accused Products further meet the limitations of Claim 10 of the '866 Patent as set forth below:

    10.    A system to control a direction of movement of a flying vehicle, the control system comprising:

**a transmitter/receiver pair positioned on the vehicle, the transmitter transmitting a signal from the vehicle in a**

**predetermined direction;**

a means to fly said vehicle in a direction opposite of said predetermined direction when said signal is bounced off of a surface and received back by the receiver; and

a means to fly said vehicle in a direction similar to said predetermined direction when said receiver does not receive said signal.



**a transmitter/receiver pair positioned on the vehicle, the transmitter transmitting a signal from the vehicle in a predetermined direction;**

https://www.target.com/p/sky-viper-force-hover-sphere/-/A-84796260

32. The Accused Products further meet the limitations of Claim 10 of the '866 Patent as set forth below:

10. A system to control a direction of movement of a flying vehicle, the control system comprising:

8

a transmitter/receiver pair positioned on the vehicle, the transmitter transmitting a signal from the vehicle in a predetermined direction;

**a means to fly said vehicle in a direction opposite of said predetermined direction when said signal is bounced off of a surface and received back by the receiver; and**

a means to fly said vehicle in a direction similar to said predetermined direction when said receiver does not receive said signal.



https://www.target.com/p/sky-viper-force-hover-sphere/-/A-84796260

33. The Accused Products further meet the limitations of Claim 10 of the '866 Patent as set forth below:

10. A system to control a direction of movement of a flying vehicle, the control system comprising:

a transmitter/receiver pair positioned on the vehicle, the transmitter transmitting a signal from the vehicle in a predetermined direction;

a means to fly said vehicle in a direction opposite of said predetermined direction when said signal is bounced off of a surface and received back by the receiver; and

**a means to fly said vehicle in a direction similar to said predetermined direction when said receiver does not receive said signal.**



https://www.target.com/p/sky-viper-force-hover-sphere/-/A-84796260

34. Defendant has directly infringed and continues to infringe one or more claims of the '866 Patent in this District and elsewhere in the United States, including at least Claim 10, by making, using, offering for sale, selling, and/or importing the Accused Products in violation of 35

U.S.C. § 271(a).  As such, Defendant is liable for infringement of the '866 Patent under 35 U.S.C. § 271(a).

35. Defendant has indirectly infringed one or more claims of the '866 Patent in this District and elsewhere in the United States, including at least Claim 10, by inducing others to make, use, offer for sale, or sell the Accused Products in violation of 35 U.S.C. § 271(b). Defendant has actual knowledge of its infringement of the '866 Patent.  As such, the Defendant is liable for indirect infringement of the '866 Patent under 35 U.S.C. § 271(b).

36. Defendant induces infringement by providing its customers with instructions as to how to infringe the '866 Patent including, for example, the online instructions and instructional videos located at the URL https://www.target.com/p/sky-viper-force-hover-sphere/-/A-84796260, titled Sky Viper Force Hover Sphere.

37. Defendant has indirectly infringed one or more claims of the '866 Patent in this District and elsewhere in the United States by contributory infringement by selling the Accused Products, which have no substantial noninfringing use, in violation of 35 U.S.C. § 271(c). Defendant has actual knowledge of its infringement of the '866 Patent and Defendant has sold, offered for sale, and/or imported the Accused Products which constitute a material component of the device claimed in the '866 Patent, with the knowledge and intent that such products are especially made and/or especially adapted for use in the direct infringement of the '866 Patent, and which products do not constitute a staple article or commodity and which lack any substantial non-infringing use.  As such, the Defendant is liable for indirect infringement of the '866 Patent under 35 U.S.C. § 271(c).

38. Defendant has been on notice of the '866 Patent since August 10, 2022, when it received correspondence advising of its infringement of the '866 Patent and has willfully infringed

the '866 Patent by continuing to sell the Accused Products after that date. A copy of such correspondence is attached hereto as Exhibit B.

39. Flying Heliball and its affiliates have marked their products in accordance with 35 U.S.C. § 287(a).

40. As a result of the Defendant's acts of infringement, Flying Heliball and its affiliates have been damaged and will continue to suffer damages in an amount to be proven at trial in accordance with 35 U.S.C. § 284.

41. Defendants' infringement has been willful and this case is exceptional. Flying Heliball is entitled to recover treble damages and reasonable attorneys' fees under 35 U.S.C. §§ 284 & 285.

42. Defendants' infringement of the '866 Patent causes Flying Heliball irreparable harm for which there is no adequate remedy available at law. In accordance with principles of equity and 35 U.S.C. § 283, Defendants' infringement of the '866 Patent should be permanently enjoined.

## **PRAYER FOR RELIEF**

Wherefore, Flying Heliball respectfully prays that the Court enter judgment as follows:

A. Declaring that the Defendant has unlawfully and willfully infringed one or more claims of the '866 Patent;

B. Awarding Flying Heliball damages adequate to compensate for the Defendant's infringement, but in no event less than a reasonable royalty, for the use by the Defendant of the inventions of the '866 Patent under 35 U.S.C. § 284;

C. Awarding Flying Heliball costs, pre-judgment, and post-judgment interest, including in accordance with 35 U.S.C. § 284;

  D. Awarding Flying Heliball enhanced damages, in the form of treble damages, under 35 U.S.C. § 284;

  E. Awarding Flying Heliball its reasonable attorneys' fees under 35 U.S.C. § 285 and declaring that this is an exceptional case;

  F. Granting Flying Heliball a permanent injunction against Defendant in accordance with principles of equity to prevent the violation of any right secured by the '866 Patent under 35 U.S.C. § 283; and

  G. Granting Flying Heliball other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flying Heliball hereby demands a trial by jury on all matters so triable in this action.

DATE: January 31, 2023

Respectfully submitted,

By: /s/ S. Calvin Capshaw
S. Calvin Capshaw
TX State Bar No. 03783900
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 845-5770

BRIAN N. PLATT (Utah #17099)
bplatt@wnlaw.com
CHAD E. NYDEGGER (Utah #9961)
cnydegger@wnlaw.com
WORKMAN | NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111

Telephone: (801) 533-9800

*Counsel for Plaintiff Flying Heliball, LLC*